**Affirmed in Part, Reversed in Part, and Remanded, and Majority and Dissenting Opinions filed August 20, 2020.**



**In The**

## Fourteenth Court of Appeals

---

### NO. 14-20-00169-CV

---

### IN THE INTEREST OF M.P., A CHILD

---

**On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 18-CP-0111**

---

### DISSENTING OPINION

The majority sends a message to deadbeat parents: don't take drug tests; don't work the service plan; don't do any counseling or participate in any parenting classes; don't respond to the caseworker's phone calls; don't visit your children; don't turn yourself in when there is an outstanding warrant for your arrest; and, of course, don't attend the trial. Then, there will be insufficient evidence to support the termination of your parental rights.

I agree with the majority's affirmance of the trial court's judgment to terminate Father's parental rights because there is legally and factually sufficient

evidence to support the requisite findings for termination. But I disagree with the majority's conclusion that there is factually insufficient evidence to support the trial court's findings under Section 161.001(b)(1)(D) and (E) of the Family Code.

Moreover, the Supreme Court of Texas should grant review in this case to address whether due process requires a *factual* sufficiency review of (D) and (E) findings and a new trial limited to those findings when a court of appeals *affirms* the termination of parental rights.

For the reasons detailed below, I respectfully dissent.

## I. Factually Sufficient Evidence of Section 161.001(b)(1)(D)

There is undisputed evidence that the following circumstances existed before the four-week-old child was removed from Father's care: (1) Father used illegal drugs, including marijuana and methamphetamine; (2) Father kept the child in an "unlivable" home that was covered in animal feces; (3) Father and Mother did not do dishes or laundry; (4) Father and Mother did not feed the child in a timely manner; (5) while in Father and Mother's care, the child suffered unexplained "non-accidental trauma," including bleeding in her brain, that resulted in hospitalization; and (6) the child tested positive for cocaine and methamphetamine.

In its factual sufficiency review, the majority discounts this evidence by (1) speculating that it is possible Father used drugs outside the home or otherwise away from the child; (2) noting the absence of evidence—not conflicting evidence—from Archibald to corroborate Aunt's testimony about the living conditions in the home; (3) noting the absence of evidence—not conflicting evidence—of Father's knowledge of Mother's drug use; and (4) speculating that Mother's drug use provides an alternate basis for inferring the introduction of drugs into the child.

Considering the totality of the evidence, viewed in a neutral light, a reasonable factfinder could have formed a firm belief or conviction that Father knowingly allowed the child to remain in dangerous conditions. The majority substitutes its judgment for that of the trial court's.

## II. Factually Sufficient Evidence of Section 161.001(b)(1)(E)

In addition to the undisputed evidence discussed above, there is undisputed evidence that Father (1) failed to complete or even attempt most of the service plan; (2) lied about his use of drugs and refused to take drug tests; (3) made three visits with the child during the eleven-month period of removal and failed to visit the child for more than seven months before trial; (4) failed to respond to over half a dozen phone calls from the Department and had no contact with the Department for the two months leading up to trial; (5) expressed a desire to relinquish his parental rights to the child; and (6) refused to attend trial because there was an outstanding warrant for his arrest based on a complaint that had been filed about nine months prior.

Again, the majority takes a "divide and conquer" approach to the evidence and relies on the absence of other evidence—not conflicting evidence—to disregard the trial court's finding of physical or emotional endangerment. The majority suggests that because there is some evidence that Father was unable to read, his failure to follow the service plan should be excused. The majority notes that there is no evidence that Father was ever convicted or incarcerated for the criminal offense alleged in the complaint, and there is no evidence "about the when, where, or what extent Father used illegal drugs." Of course there is an absence of evidence about some of these facts because Father refused drug testing, failed to complete the assessments and therapies required by the service plan,

3

failed to turn himself in after knowing there was a warrant for his arrest, and failed to attend the trial.

All of this evidence of Father's actions and failures, both before and after the child's removal, shows a conscious course of conduct from which the trial court could have formed a firm belief or conviction that Father endangered the child's physical or emotional well-being.

## III.   Due Process Satisfied

Finally, I am concerned with the remedy employed by the majority, and I hope the Supreme Court of Texas will grant review to clarify whether its holding in *In re N.G.*, 577 S.W.3d 230 (Tex. 2019), mandates a *factual* sufficiency review as a matter of due process under the federal and Texas constitutions.

The majority charts an unprecedented course by remanding this case to the trial court for a new trial on the issues of predicate grounds (D) and (E), although the majority upholds the trial court's order terminating Father's parental rights. The majority cites no authority for remanding a parental termination case for a new trial on issues that are unnecessary to affirm or reverse the termination of parental rights. I have found none.[1]  A new trial on these issues would be inconsistent with the requirement that there be a live case or controversy between the parties for a court to have subject matter jurisdiction. The result of such a new trial will have no impact on Father's parental rights to the child.

---

[1] The majority's comparison of this case to *In re A.J.A.R.*, No. 14-20-00084-CV, 2020 WL 4260343 (Tex. App.—Houston [14th Dist.] July 24, 2020, no pet. h.) (mem. op.), is inapposite because we reversed the termination of parental rights in that case, but here the court affirms the termination of parental rights.  At least one court has modified a trial court's judgment to delete a Section 161.001(b)(1)(E) finding after holding that the evidence was factually insufficient to support that finding, though the evidence was legally and factually sufficient to support termination.  *See In re H.J.Y.S.*, No. 10-19-00325-CV, 2019 WL 8071614, at *10 (Tex. App.—Waco Feb. 26, 2019, no pet.) (mem. op.).

4

The Texas courts of appeals derive their "peculiar powers"[2] to conduct a factual sufficiency review in civil cases under the Factual Conclusivity Clause of the Texas constitution. *See* Tex. Const. art. V, § 6(a). But due process under the United States Constitution requires only a legal, not factual, sufficiency review. *See generally Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.); *see also In re N.G.*, 577 S.W.3d at 234 (no meaningful distinction between federal due process and state due course of law).

In *In re N.G.*, the supreme court held that due process requires the courts of appeals to provide a "meaningful appeal" of challenged findings under Section 161.001(b)(1)(D) and (E) due to the collateral consequences of a prior termination under (D) or (E). *See* 577 S.W.3d at 237. Although the court held that the court of appeals "erred in failing to review the legal *and* factual sufficiency of the evidence," the court did not explain why a review that satisfies due process—legal sufficiency—would be inadequate to provide a meaningful appeal. *See id.* at 239 (emphasis added).

I believe that due process is satisfied by a review of the *legal* sufficiency of the evidence to support challenged Section 161.001(b)(1)(D) and (E) findings, and this court need not exercise its power under the Factual Conclusivity Clause to review the factual sufficiency of the evidence for findings that are unnecessary to the resolution of the appeal. To the extent there is any confusion on this matter, the Supreme Court of Texas should grant review and clarify what type of review is required to satisfy a parent's right to due process.

---

[2] *In re King's Estate*, 150 Tex. 662, 664–65 (1951).

**IV.    Conclusion**

I concur in this court's judgment so far as it affirms the trial court's final order of termination and conservatorship.  But I would also affirm the remainder of the trial court's judgment.  Because the majority does not, I dissent.


/s/     Ken Wise
Justice


Panel consists of Justices Wise, Bourliot, and Spain.  (Spain, J., majority).